**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| State of Idaho, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER GRANTING MOTION TO** |
| | ) | **HOLD CASE IN ABEYANCE** |
| United States Environmental Protection | ) | |
| Agency, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| Nez Perce Tribe, et al., | ) | |
| | ) | Case No. 1:24-cv-100 |
| Defendant-Intervenors, | ) | |
| | ) | |
| Ute Indian Tribe of the Uintah and Ouray | ) | |
| Reservations, | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |
| | ) | |

Before the Court is a motion to hold the case in abeyance (Doc. No. 108) filed by the Tribal Defendant-Intervenors[1] on October 9, 2025. The Plaintiff States filed a response in opposition to the motion on October 23, 2025. See Doc. No. 113. The Tribal Defendant-Intervenors filed a reply brief on October 30, 2025. See Doc. No. 114. The EPA did not respond to the motion until the Court ordered it to do so. The EPA's response was filed on November 24, 2025. See Doc. No. 117. The Tribal Defendants filed a reply to the EPA's

---

[1]Nez Perce Tribe, Bay Mills Indian Community, Confederated Salish & Kootenai Tribes of the Flathead Reservation, Fond du Lac Band of Lake Superior Chippewa, Grand Traverse Band of Ottawa and Chippewa Indians, Lac du Flambeau Band of Lake Superior Chippewa Indians, Port Gamble S'Klallam Tribe, Puyallup Tribe of Indians, Quinault Indian Nation, Red Lake Band of Chippewa Indians, Sokaogon Chippewa Community, White Earth Band of the Minnesota Chippewa Tribe.

1

response on December 1, 2025.  See Doc. No. 118.  The Plaintiff States filed a surreply on December 9, 2025.  See Doc. No. 122.  For the reasons set forth below, the motion is granted.

## I.    BACKGROUND

This case involves a challenge by twelve states to a final rule issued by the EPA pursuant to the Clean Water Act on May 2, 2024.  The Final Rule in question is known as the Water Quality Standards Regulatory Revisions to Protect Tribal Reserve Rights, 89 Fed. Reg. 35717 (May 2, 2024) ("Final Rule").  The Final Rule requires states to consider tribal reserved rights when establishing or revising water quality standards.  The case was filed on May 28, 2024.  See Doc. No. 1.  Two groups of Tribal Defendants have been permitted to intervene.  See Doc. Nos. 26 and 67.  After the 2024 presidential election and a change in administrations, the EPA filed an unopposed motion to stay the case which the Court granted.  See Doc. Nos. 88 and 89.  The EPA noted in its motion that "[i]t is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues."  See Doc. No. 88, ¶ 7.  After two extensions, the stay ended on September 16, 2025.

On September 16, 2025, the EPA filed a notice wherein it informed the Court it would no longer defend the Final Rule.  See Doc. No. 101.  In that notice, the EPA stated the Final Rule was an "alarming regulatory overreach," unlawful, and that it did not oppose the Plaintiff's request for vacatur.  Nevertheless, in its response to the Tribal Defendant Intervenor's motion to hold the case in abeyance, the EPA informed the Court it had no plan to initiate new rulemaking to revise or rescind the Final Rule.  See Doc. No. 117.  Instead, the EPA urged the Court to rule on the pending motions for summary judgment filed by the Plaintiff States and both Tribal

Defendant Intervenors and the motion for a preliminary injunction filed by the Plaintiff States. See Doc. Nos. 5, 50, 76, and 79.

II.    **LEGAL DISCUSSION**

The EPA has withdrawn its defense of the Final Rule and states it now considers the Final Rule contrary to law.  However, the EPA states it has no intention of rescinding the Final Rule and has provided little in the way of explanation as to why it will not rescind a Final Rule it now considers unlawful.  Because the Court concludes the case is not ripe for consideration, the Court will grant the Tribal Defendant Intervenors motion to hold the case in abeyance.

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'"  Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807-08 (2003). The ripeness doctrine is rooted in both the "jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration."  Pub. Water Supply Dist. No. 8 of Clay County, Missouri v. City of Kearney, Missouri, 401 F.3d 930, 932 (8th Cir. 2005).   Article III limits the jurisdiction of federal courts to deciding "cases" and "controversies."  Mausolf v. Babbitt, 85 F.3d 1295, 1300 (8th Cir. 1996).  In determining whether a case is ripe for judicial review, the Court must evaluate: (1) the fitness of the issues for judicial determination, and (2) the hardship to the parties of withholding court consideration. KCCP Trust v. City of N. Kansas City, 432 F.3d 897, 899 (8th Cir. 2005) (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)).

The fitness prong examines the finality of the agency action.  <u>See</u> <u>Toilet Goods Ass'n,</u> <u>Inc. v. Gardner</u>, 387 U.S. 158, 162-63 (1967).  Under the Administrative Procedure Act ("APA"), a federal court can only review "final" agency actions.  <u>See</u> 5 U.S.C. § 704.  Given the EPA's abandonment of the Final Rule, the fitness prong cannot be satisfied.

The APA sets out a clear path forward for the EPA to withdraw, modify, or replace the Rule, which are the options available to the agency given its changed position on the legality of the Final Rule.  5 U.S.C. § 553.  The EPA has not explained why it refuses to undertake the required new rulemaking to rescind, repeal, modify, or amend the challenged Final Rule.  <u>See</u> <u>Utah by & through Cox v. Env't Prot. Agency</u>, No. 23-1157, 2025 WL 1354371 at *5 (D.C. Cir. May 2, 2025) (noting a final rule may only be revised by an agency undertaking new rulemaking procedures as required by the APA).  "It is the agency's responsibility to determine whether its Final Rules will be rescinded, repealed, modified, or defended in litigation." <u>Iowa v. SEC</u>, No. 24-1522 (8th Cir. Sept. 12, 2025).  Having admitted error, it is the obligation of the EPA to correct its error.  <u>Am. Petroleum Inst. v. E.P.A.</u>, 683 F.3d 382, 387 (D.C. Cir. 2012).  Contrary to the EPA's assertion, the APA and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) do not compel the Court to issue an advisory opinion.  *Loper Bright* held that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires."  <u>Loper Bright Enters.</u>, 603 U.S. at 412.  But *Loper Bright* did not address a situation where an agency abandons a final rule, admits it is unlawful, but refuses to take any action to correct its admitted error.

It would be a waste of both judicial and party resources to move this case forward given the EPA's options and obligations under the APA.  The courts are the governmental branch of last resort.  <u>See</u> <u>Am. Petroleum Inst.</u>, 683 F.3d at 387.  The courts should not be called upon to

give political cover to agencies when they reverse policy course. Id. (noting the ripeness doctrine "ensures that Article III courts make decisions only when they have to, and then, only once"). The Court is not inclined to become entangled in the administrative policy disputes occasioned by the complete reversal of policy by the EPA. Iowa League of Cities v. EPA, 711 F.3d 844, 867 (8th Cir. 2013), enforced sub nom. Iowa League of Cities v. EPA, No. 11-3412, 2021 WL 6102534 (8th Cir. Dec. 22, 2021). The EPA has admitted it erred. A new administration is entitled to reverse course on agency policy. Arizona v. City & Cnty. of San Francisco, California, 596 U.S. 763, 765 (2022) (Roberts, C.J., concurring). It is the EPA that must fix that error, not the courts.

The Plaintiffs contend they will suffer significant hardship if the Final Rule is not enjoined. The contention is unpersuasive. Obviously, having admitted the Final Rule is unlawful, the EPA cannot enforce it. No action to enforce the Final Rule could survive and thus there is no imminent or impending injury. The Court concludes any hardship to the Plaintiffs caused by holding the case in abeyance while the Final Rule remains tacitly in effect to be minimal.


## III.    **CONCLUSION**

Accordingly, the motion to hold the case in abeyance (Doc. No. 108) is **GRANTED**. This case shall be held in abeyance until such time as the EPA notifies the Court that it will either defend the Final Rule or begin new rulemaking procedures as required by the APA. The EPA shall file an update every 30 days on the status of its position.

**IT IS SO ORDERED.**

Dated this 7th day of January, 2026.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court